### No. 2,490.

### THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANTS, *v.* JOHN M. STANTON, AND JOHN McQUADE, RESPONDENTS.

INDICTMENT.—In an indictment for the possession of counterfeit coin, with the intention to utter the same, the knowledge of the defendant of the spurious character of the coin is sufficiently charged by the allegation that the defendant "wilfully, feloniously and knowingly did have in their possession," etc.

APPEAL from the County Court of Sacramento County.

A demurrer to the indictment, on the ground that it did not state facts sufficient to constitute a public offense, was sustained—and from the order sustaining the demurrer the People appeal.

The other facts are stated in the opinion.

*Jo Hamilton*, Attorney General, for Appellants.

When the indictment alleges all the acts or facts which have been used by the Legislature in defining the particular offense charged, it is sufficient. (*People* v. *Rodriguez*, 10 Cal. 50; *People* v. *Thompson*, 4 *Id.* 238; *People* v. *Martin*, 32 *Id.* 91; *People* v. *Cronin*, 34 *Id.* 191; *People* v. *White*, 34 *Id.* 183; *People* v. *Saviers*, 14 *Id.* 29; *People* v. *Olivera*, 7 *Id.* 403; *People* v. *Frank*, 28 *Id.* 507.)

*I. S. Brown* and *C. T. Jones*, for Respondents, filed no brief.

SPRAGUE, J., delivered the opinion of the Court:

The indictment in this case charges the offense substantially in the language of the statute. The allegation of the

charging portion of the indictment is, that defendants "wilfully, feloniously and knowingly did have in their possession five counterfeit silver coins of the species of silver coin then and now current in said State of California, of the denomination of half dollars, with intent then and there wilfully, feloniously and unlawfully to utter and pass the same, with intent then and there to defraud one Ryan, and other persons to the Grand Jury unknown." The language of the statute is: "Every person who shall have in his possession, or receive for any other person, any gold or silver coin or coins, of the species now current, or hereafter to be current in this State, with intention to utter or pass the same, or permit, cause or procure the same to be uttered or passed, with intention to defraud any person or persons, body politic or corporate, knowing the same to be counterfeit," etc. (Sec. 75 Act concerning crimes and punishments.) The only variance between the language of the statute and the charging part of the indictment, consists in the mode of stating the *scienter* of the defendants of the spurious character of the coin in their possession. The language of the indictment is, that defendants "wilfully, feloniously and knowingly did have in their possession five counterfeit silver coins,   *   *   * with intent then and there wilfully, feloniously and unlawfully to utter and pass the same, with intent then and there to defraud one Patrick Ryan," etc., and the language of the statute is: "Every person who shall have in his possession   *   *   *   *   any counterfeit gold or silver coin or coins   *   *   *   with intention to utter or pass the same,   *   *   *   with intention to defraud any person or persons,   *   *   *   knowing the same to be counterfeit," etc., and the question presented by the demurrer seems to be whether the portion of the indictment above quoted, charges the defendants with a knowledge of the fact that the silver coins in their possession were counterfeit.

We have no doubt but this knowledge is substantially and sufficiently, though inartificially, charged. The charge is that defendants "wilfully, feloniously and knowingly did have in their possession five counterfeit silver coins," etc.; the knowledge of the spurious character of the coin is as

directly affirmed as is the knowledge of the fact that the same was in their possession, and the knowledge of both is directly affirmed; and the circumstance that the affirmation is made in respect to the two facts in connection, does not vitiate or weaken the force of the allegation as applicable to each separately.

The judgment of the Court sustaining the demurrer to the indictment is therefore reversed, and the cause remanded, with directions to the Court below to overrule the demurrer.